HENRY C. DE LA FIGANIERE and another *v.* THOMAS
JACKSON.

In the Marine Court, as in the Supreme, Common Pleas and Superior Courts,
on a trial by the court, an appeal lies from the judgment to the general
term.

And such appeal brings under review the findings of fact as well as the rul-
ings of law made on the trial, and the conclusions of law from the facts
found.

But an appeal upon the law only, lies from a judgment on the verdict of a jury,
and does not bring the facts under review.

A review of the facts, where the trial is by jury, on an allegation that the
damages are excessive, or that the verdict is against evidence, is to be had
in the Supreme, Common Pleas and Superior Courts, by a motion for a new
trial, and not by an appeal from the judgment upon the verdict.

*It seems,* that the Marine Court has no power to entertain such a motion, or
grant a new trial for such a cause, either at general or special term.

The Marine Court has no power to either directly or indirectly extend the time
for appealing to the general term beyond the thirty days to which such ap-
peals are limited in the Supreme Court.

And where the Marine Court, at general term, entertained an appeal taken
more than sixty days after judgment, and on such appeal ordered a reversal
of the judgment; *held,* that this court would not give effect to such order,
by vacating the docket of the judgment in the office of the county clerk.

The formal rules governing the practice in the higher courts are *not to be*
applied in strictness to the Marine Court.

In the Marine and District Courts, the clerk has no power to enter judgment,
even upon the verdict of a jury, except by the direction of the justice. The
court must give the judgment. *Per* DALY, J.

REVIEW of an order made at a special term, granting a
motion to vacate the docket of a judgment in the office of
the county clerk, the docket having been made by virtue of
a transcript from the Marine Court. The order had been
enter .. in accordance with the conclusion of the following
opinion at special term :

DALY, J.—This is an application to vacate the transcript
filed in the county clerk's office, of a judgment entered in the

Marine Court. The cause was tried in the court below before a single justice and a jury, and a verdict having been found for the plaintiffs, judgment was entered by the justice in manner and form as prescribed by the statutes, 2 Rev. Laws of 1813, p. 386, § 123. A transcript was duly filed in the office of the county clerk. From this judgment the defendant appealed to the general term of the Marine Court.(a) And the general term ordered a new trial, unless the plaintiffs should elect to reduce the amount of the judgment. This the plaintiffs refused to do, whereupon one of the justices granted an order that the plaintiffs make the election in writing under the order of the general term, and serve notice thereof upon the defendant within three days after service of notice of the order ; which the plaintiffs having omitted to do, the complaint was dismissed.

It is insisted that no appeal lay to the general term in the case, and that the order made by it, granting a new trial, with the proceedings subsequent thereto, were void, and that the judgment still remains in full force and effect. It is claimed that the general term have no power, under the act of 1853, (Laws of 1853, p. 1,165,) to review any thing but the decision of a single justice opening a default. It has been repeatedly held, upon motion in this court, that such is not the construction of the statute, and that an appeal lies from any judgment rendered by a single justice. An appeal lies, in the language of the statute, from a judgment entered upon the direction of a single justice, " to the general term," in the same manner and with the like effect as appeals in the Supreme Court from a decision by a single judge to the general term. The meaning of this is very plain. In the Supreme Court a judgment may be entered

---

(a) The appeal, however, was not taken until more than sixty days after judgment, and after notice to the defendant of the entry thereof. This fact does not appear to have been brought to the attention of the court at special term. It is expressly referred to as a controlling consideration in the decision at general term.—Rep.

De la Figaniere v. Jackson.

upon the decision of a single justice, without a jury, from which an appeal lies directly to the general term. (Code, § 348.) And where the trial is by a jury, the clerk enters the judgment in conformity with the verdict, unless a different direction is given by the court. (Code, § 264.) But the statutes organizing the Marine Court give the clerk no power to enter judgment in conformity with the verdict of the jury. He is authorized to docket or register judgment, but the court must give judgment. (2 Rev. Laws of 1813, p. 383, § 110 ; p. 387, § 123.) The justice before whom the trial is had, with or without a jury, must in every case give judgment; and the clerk must docket the judgment in conformity with the entry or minute made by the justice. As every judgment in the Marine Court is entered upon the direction of the justice who tries the cause, the provision of the statute of 1853, that appeals are to be brought in the same manner and with the like effect as appeals in the Supreme Court, from the decision of a single justice to the general term, is obvious. The party appeals from the judgment entered by direction of the justice of the Marine Court, as he would appeal from a judgment entered by direction of a single justice of the Supreme Court. The mode of procedure in both cases is the same; and as an appeal in the Marine Court is to have the like effect, the general term of that court has all the powers in reviewing the judgment which the general term of the Supreme Court would have in the case pointed out. They may order a new trial, or, as respects the appeal, and in every stage of it, do whatever the Supreme Court might do in any case of an appeal from the decision of a single judge of the court to the general term. The order of the general term was defective in not pointing out within what time the plaintiff should elect. But no time having been named, it was competent, as it would have been in the Supreme Court, for a single justice to make an order that the plaintiff should elect within a reasonable time, and if he failed to do so, to order that the cause be set down for trial, when, if the plaintiff failed to appear and prosecute the case, judg-

ment of default might have been rendered against him. This, it appears, was not done; but the justice dismissed the complaint upon the plaintiff refusing to elect. This he had no authority to do. The extent of the decision of the general term was, to order a new trial if the plaintiff would not consent to reduce the amount of the judgment. The general term did not order that the complaint should be dismissed if the plaintiff failed to elect whether he would have a new trial or reduce the judgment, but that the judgment should be reversed if he did not consent to reduce it to $250, and a new trial ordered.

Under that decision, though the plaintiff refused to elect, he was still entitled to have the cause tried once again, of which it appears he was deprived, by the justice dismissing his complaint because he refused to elect whether or not he would reduce the amount of the judgment.

This, however, does not affect this motion. The cause is yet pending and undetermined, and this motion, vacating the transcript of the judgment, must be granted.

From the order granted in pursuance of the above decision, the plaintiff appealed to the general term.

*Abram Wakeman*, for the plaintiffs.

*Charles N. Black*, for the defendant.

By THE COURT. WOODRUFF, J.—By the act of 1853, (Sess. Laws, p. 1,166, § 5,) relating to the Marine Court, an appeal to the general term is authorized from a judgment entered by the direction of a single justice of the said court in the same manner and with the like effect as appeals in the Supreme Court from the decision of a single judge to the general term.

Although the previous portion of the section relates to and gives power to open defaults, and the whole section is in its frame and phraseology liable to some criticism as wanting in clearness and perspicuity, I think the meaning is intelligible,

and I entirely concur with the judge at special term, that the right of appeal given by the statute is not confined to judgments by default. This opinion has heretofore been expressed in this court, and I am informed that the general term of the Supreme Court in this district have given to this section the same construction.

What, then, is the effect of an appeal to the general term of the Supreme Court? Section 348 of the Code declares, in relation to that court, that an appeal upon the law may be taken from a judgment entered upon the report of referees or the direction of a single judge of the same court in all cases ; and *upon the fact*, when the trial is by the court or referees. Under this section it seems to me very clear, that when a cause is tried by the court or by referees, the effect of an appeal is to bring under review by the general term questions of law and fact both, and that term has thereby jurisdiction to reverse for error in either. But, unless the case is tried by the court or by referees, an appeal only lies upon the law, and the general term have no jurisdiction for any purpose except to review the questions of law arising on the trial or appearing on the record or its out branches.

It is obvious that judgments " entered by direction of a single judge," must in this section include judgments entered upon the verdict of a jury, for otherwise no appeal whatever would lie from such judgments. They are not provided for at all unless so included. Although it is true that the clerk is directed by the Code to enter judgment according to the verdict, yet his act is purely ministerial ; that duty is made in terms subject to the direction of the judge, and is done in every practical sense under his immediate sanction.

Appeals to the general term in the Marine Court have by the statute the same effect. When the case is tried by the court the appeal lies upon the law and the facts, and the general term has power to review his finding upon either or both ; and when the case is tried by a jury, an appeal lies upon the law, and brings questions of law under review and nothing else.

Motions for a new trial in the Supreme Court, as also in the Common Pleas, on the ground that a verdict is against evidence, or that the damages are excessive and the like, where the trial is before a jury, are not originally cognizable by the general term. They are regularly and properly made at special term and before judgment, and the jurisdiction of the general term over such motions is obtained by appeal from the order of the special term under a different section of the Code, (§ 349,) and not by an appeal from the judgment

There is nothing in the statute above referred to relating to the Marine Court, nor, so far as I have been able to discover, in any other statute, giving that court power, either at general term or before a single judge, to entertain a motion for a new trial as such, nor to review the finding of the jury upon the facts, and set it aside either as against evidence or because the court deem the damages excessive.

If, therefore, it could be made to appear that the appeal taken to the general term of the Marine Court, after the verdict of the jury and judgment thereon, was a mere appeal upon the facts, and was entertained, by the general term, as a review of the finding of the jury upon the evidence, without any error of law having occurred on the trial, and that the decision on the appeal was an exercise of a supposed authority to set aside a verdict as against evidence, or on the ground that the damages were excessive, I should say, without hesitation, that the general term of that court had no jurisdiction of any such question, and no power over the judgment for any such purpose ; and, therefore, that we ought not to order a transcript of the judgment to be set aside, by reason of any such order of that court. It may be that, in order to avoid the effect of such an order upon the docket of the judgment in that court, and obtain an execution there, the plaintiff would be compelled to resort to the supervisory power of the Supreme Court by mandamus ; but if it clearly appeared that the order of the general term was without jurisdiction, we ought not to set aside the transcript, but should permit the plaintiff to take such benefit of the transcript and docket with

the clerk of the county, and have the means of enforcing his rights under it which the statutes have given him, without interference on our part to stay his proceedings.

The plaintiff here insists that the order of the general term was wholly without jurisdiction. The views above presented tend to sustain that proposition, if the facts were as assumed by the appellants' counsel; but the only evidence that the appeal brought to the general term, and entertained by them as the basis of their order of reversal, and for a new trial, was entertained as a mere review of the finding of the jury upon the facts, is an affidavit that no exceptions were taken on the trial to the rulings of the justice, nor to his charge to the jury. This is not enough. It was never intended that the formal and technical rules governing the practice in the higher courts should be applied in strictness to that court. The proceedings on a trial there are informal, the pleadings oral. They have, in technical strictness, no judgment roll. Their judgment record is a justice's docket. There is there no bill of exceptions. I have, therefore, no doubt that on an appeal from one judgment upon the law, as decided by the judge on one trial, or as contained in his instruction to the jury, if the general term found errors in law had been committed, it was within their power, and in accordance with their duty, to reverse the judgment, and order a new trial. The condition which was annexed would seem, in some degree, to indicate that they deemed the damages excessive; but this is not the necessary nor conclusive inference. It is possible that they found that an error of law was committed in respect to some particular ground or subject of recovery, the extent of which they could measure so that no injustice could happen to the defendant by affirming the judgment for the reduced amount, if the plaintiff so elected. If the condition annexed to the reversal was founded in this idea, the plaintiff is not injured thereby, for he is not bound to accept of the condition tendered to him.

Without pursuing this branch of the inquiry further, it must suffice to say, that the mere affidavit presented by the

plaintiff on this motion is not sufficient to show that the appeal in question was not an appeal upon the law, of which the general term of the Marine Court had jurisdiction, and we cannot, upon the papers before us, say that their order of reversal was not within their power and authority.

But upon another ground, it seems to me that the plaintiffs' objection to the jurisdiction of that court to reverse their judgment must be sustained. Neither the Supreme Court nor the Marine Court—in which latter appeals have no greater effect—have power to authorize an appeal to be taken to the general term, "*nunc pro tunc*," after thirty days limited by the statute have passed. (Code, §§ 332, 405; *Renvail* v. *Harris*, 2 Sand. R. 641; *Powell* v. *McCormick*, 5 Pr. R. 337; *Enos* v. *Thomas*, ib. 361.) They cannot do this, directly nor indirectly. (*Humphrey* v. *Chamberlain*, 1 Kernan, 274.) No appeal was taken in this case until more than sixty days after judgment; and the defendant had notice of such judgment, as appears by the papers, on the day it was entered, and himself procured time to make a case and stayed the plaintiffs' proceedings.

The right of appeal was, I think, gone, and the jurisdiction of the general term to review the judgment failed by the lapse of the thirty days. For this reason I think that the order of the general term was void, and did not entitle the defendant to have the transcript filed with the county clerk and the docket there vacated.

For this reason I think the order at special term should be reversed; but as the questions are for the most part new, the reversal should be without costs.

Order reversed, without costs.